**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| VOXER, INC. and VOXER IP LLC,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>FACEBOOK, INC. and INSTAGRAM LLC,<br><br>　　　　　　Defendants. | Civil Action No. 6:20-cv-00011 [ADA] |

## ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

Defendants Facebook, Inc. ("Facebook") and Instagram LLC ("Instagram") (collectively, "Defendants") hereby answer Plaintiffs Voxer, Inc. and Voxer IP LLC's (collectively, "Plaintiffs") Complaint for Patent Infringement.  Any admission herein is limited to the express language of the response and shall not be deemed an implied admission of additional facts.

## INTRODUCTION

1.　　　Defendants deny the allegations in Paragraph 1.

2.　　　Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and on that basis deny them.

3.　　　Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and on that basis deny them.

4.　　　Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and on that basis deny them.

5.　　　Defendants admit that certain Facebook employees met with certain Voxer representatives in 2012.  Defendants admit that in early 2013, Facebook restricted Voxer's access to an aspect of the Facebook platform.  Defendants admit that Facebook Live first became

1

available to a limited number of users in 2015 and Instagram Live launched in 2016.  Except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and on that basis deny them.

## NATURE OF THE ACTION

6.       Defendants admit that this is a civil action for infringement under the patent laws of the United States of America, 35 U.SC. § 1 *et seq*.

7.       Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and on that basis deny them.

8.       Defendants admit that Voxer seeks injunctive relief and monetary damages, but deny that Voxer is entitled to injunctive relief or monetary damages.  Except as expressly admitted here, Defendants deny the allegations in Paragraph 8.

## PARTIES

9.       Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and on that basis denies them.

10.      Defendants admit that Facebook is a Delaware corporation with a principal place of business at 1601 Willow Road, Menlo Park, California.  Defendants admit that Facebook maintains offices in Austin, Texas.  Defendants admit that they operate and own the facebook.com and Instagram.com websites, and make available the Facebook Live and Instagram Live services, as well as the Facebook and Instagram applications for mobile devices throughout the United States including in this District.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 10.

11.      Defendants admit that Instagram is a Delaware limited liability company. Defendants admit that Instagram is a wholly owned subsidiary of Facebook, Inc.  Defendants

admit that they operate and own the Instagram.com website.  Defendants admit that they make available the Instagram Live service and the Instagram application for mobile throughout the United States including in this District.  Except as expressly admitted herein, Defendants deny the remaining allegations in Paragraph 11.

12.   Defendants deny the allegations in Paragraph 12.

13.   Defendants deny the allegations in Paragraph 13.

14.   Defendants admit that the Facebook and Instagram services use some common servers and software.  Defendants admit that some Instagram data has been migrated from third-party servers onto Facebook's data centers.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 14.[1]

## JURISDICTION AND VENUE

15.   Defendants admit the allegations in Paragraph 15.

16.   The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, for the purposes of this action only, Defendants do not contest personal jurisdiction as to Facebook.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 16.

17.   The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, for the purposes of this action only, Defendants do not contest personal jurisdiction as to Facebook.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 17.

---

[1] Plaintiffs' Complaint includes numerous footnotes referencing news articles, online posts, and other content.  These articles, posts, and other content speak for themselves, and Defendants deny any characterizations of such materials except where explicitly admitted.

18.    Defendants admit that Facebook has offices in various locations in the United States, including in Austin, Texas.  Defendants admit that Facebook employed more than 1,200 people in Austin as of the date of the Complaint.  Defendants admit that the Travis County Appraisal District website indicates that Facebook owns or owned property in this judicial district at the addresses listed in Paragraph 18.  Defendants admit that Facebook maintains, or previously maintained, offices in this judicial district at the addresses listed in the footnote to Paragraph 18.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 18, but for purposes of this action only, Defendants do not contest personal jurisdiction as to Facebook.

19.    Defendants admit that Facebook's jobs website lists positions available in Austin, among other places, for the specific functions enumerated in Paragraph 19.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding the specific number of job postings that appeared on January 6, 2020.  Except as expressly admitted herein, Defendants deny the remaining allegations in Paragraph 19.

20.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the information contained on the https://h1bdata.info website, and on that basis deny the allegations in Paragraph 20.

21.    Defendants admit that Facebook maintains offices in the Austin Division of this District and in Dallas, Texas.  Defendants admit that they conduct business through the www.facebook.com and www.instagram.com website as well as through the Facebook and Instagram applications.  Except as expressly admitted herein, Defendants deny the remaining allegations in Paragraph 21.

22.     Defendants admit that the City of Austin hosted a "Facebook Live Panel Discussion" from Austin City Hall in April 2019.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 22.

23.     The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, for the purposes of this action only, Defendants do not contest personal jurisdiction as to Instagram. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 23.

24.     The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendants admit that Instagram conducts business through the Instagram.com website and the Instagram application.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 24, but for purposes of this action only, Defendants do not contest personal jurisdiction as to Instagram.

25.     Defendants deny the allegations in Paragraph 25.

26.     Defendants deny the allegations in Paragraph 26.

27.     Defendants admit that they have offices in various locations in the United States, including at the location identified in Paragraph 27.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 27.

28.     Defendants admit that Instagram is a wholly owned subsidiary of Facebook, that Facebook does not separately report revenue from Instagram in its filings to the Securities Exchange Commission, and that Facebook reports combined revenue from its Facebook and Instagram services.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28, and on that basis deny them.  Except as expressly admitted herein, Defendants deny the remaining allegations in Paragraph 28.

29.     Defendants admit that Instagram is a wholly owned subsidiary of Facebook. Defendants admit the existence of the integrations listed in Paragraph 29 under certain circumstances.  Defendants admit that Instagram's Data Policy referred to in Paragraph 29 contains the language quoted in Paragraph 29.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 29.

## FACTUAL BACKGROUND

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and on that basis deny them.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and on that basis deny them.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and on that basis deny them.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and on that basis deny them.

34.     Defendants admit that U.S. Patent No. 8,180,030 (the "'030 patent") is entitled "Telecommunication and multimedia management method and apparatus" and states on its face that it issued on May 15, 2012.  Defendants admit that what purports to be a copy of the '030 patent was attached as Exhibit A to the Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34, and on that basis deny them.

35.     Defendants deny the allegations in Paragraph 35.

36.     Defendants admit that U.S. Patent No. 9,634,969 (the "'969 patent") is entitled "Real-time messaging method and apparatus" and states on its face that it issued on April 25,

2017. Defendants admit that what purports to be a copy of the '969 patent was attached as Exhibit B to the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36, and on that basis deny them.

37.    Defendants deny the allegations in Paragraph 37.

38.    Defendants admit that U.S. Patent No. 10,109,028 (the "'028 patent") is entitled "Embeddable communications software module" and states on its face that it issued on October 23, 2018. Defendants admit that what purports to be a copy of the '028 patent was attached as Exhibit C to the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38, and on that basis deny them.

39.    Defendants deny the allegations in Paragraph 39.

40.    Defendants admit that U.S. Patent No. 10,142,270 (the "'270 patent") is entitled "Telecommunication and multimedia management method and apparatus" and states on its face that it issued on November 27, 2018. Defendants admit that what purports to be a copy of the '270 patent was attached as Exhibit D to the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40, and on that basis deny them.

41.    Defendants deny the allegations in Paragraph 41.

42.    Defendants admit that U.S. Patent No. 10,511,557 (the "'557 patent") is entitled "Telecommunication and multimedia management method and apparatus" and states on its face that it issued on December 17, 2019. Defendants admit that what purports to be a copy of the '557 patent was attached as Exhibit E to the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42, and on that basis deny them.

7

43.    Defendants deny the allegations in Paragraph 43.

44.    Defendants deny the allegations in Paragraph 44.

45.    Defendants deny the allegations in Paragraph 45.

46.    Defendants admit that certain Facebook employees met with certain Voxer representatives in 2012.  Defendants admit that the discussion did not lead to any collaboration between the parties.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46, and on that basis deny them.

47.    Defendants admit that in early 2013, Facebook restricted Voxer's access to an aspect of the Facebook platform.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47, and on that basis deny them.

48.    Defendants admit that Facebook Live first became available to a limited number of users in August 2015, to all U.S. iOS users in January 2016, and the general public in April 2016.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 48.

49.    Defendants admit that a Voxer representative met with a Facebook employee in early 2016, and that shortly thereafter Voxer sent the Facebook employee documents entitled "Patent Overview" and "IP Statement."  Defendants admit that the IP Statement lists patents purportedly owned by Voxer. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 49.

50.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations raised in the first two sentences of Paragraph 50. Defendants admit that they did not enter into any collaborations with Voxer. Defendants deny Plaintiffs' allegations regarding any "continued use of Voxer's patented technologies." Defendants admit that

Instagram Live launched in November 2016.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 50.

51.    Defendants admit that the Wall Street Journal article cited in Paragraph 51 states that Facebook Live was Facebook's "top priority."  Defendants admit that Facebook stated in a February 2016 news release that "on average people watch a live video more than three times longer when it is live compared to when it is not live."  Defendants admit that the blog post cited in Footnote 19 states that there have been billions of Facebook Live broadcasts.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 51.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,180,030

52.    Defendants incorporate by reference the responses to Paragraphs 1 through 51 as if fully set forth herein.

53.    Defendants deny the allegations in Paragraph 53.

54.    Defendants deny the allegations in Paragraph 54.

55.    Defendants deny the allegations in Paragraph 55.

56.    Defendants admit that the '030 patent states on its face that it issued on May 15, 2012.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 56.

57.    Defendants admit that a Voxer representative met with a Facebook employee in early 2016, and that shortly thereafter Voxer sent the Facebook employee documents entitled "Patent Overview" and "IP Statement."  Defendants admit that the IP Statement mentioned the '030 patent.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57, and on that basis deny them.

58.    Defendants deny the allegations in Paragraph 58.

59.    Defendants admit that the Complaint disclosed the existence of the '030 patent. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 59.

60.    Defendants deny the allegations in Paragraph 60.

61.    Defendants deny the allegations in Paragraph 61.

62.    Defendants deny the allegations in Paragraph 62.

63.    Defendants deny the allegations in Paragraph 63.

64.    Defendants deny the allegations in Paragraph 64.

65.    Defendants deny the allegations in Paragraph 65.

66.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66, and on that basis deny them.

67.    Defendants deny the allegations in Paragraph 67.

68.    Defendants deny the allegations in Paragraph 68.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 9,634,969

69.    Defendants incorporate by reference the responses to Paragraphs 1 through 68 as if fully set forth herein.

70.    Defendants deny the allegations in Paragraph 70.

71.    Defendants deny the allegations in Paragraph 71.

72.    Defendants deny the allegations in Paragraph 72.

73.    Defendants deny the allegations in Paragraph 73.

74.    Defendants admit that a Voxer representative met with a Facebook employee in early 2016, and that shortly thereafter Voxer sent the Facebook employee documents entitled "Patent Overview" and "IP Statement."  Defendants admit that the IP Statement lists patents

purportedly owned by Voxer. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74, and on that basis deny them.

75.    Defendants admit that Facebook Live first became available to a limited number of users in August 2015, and Instagram Live launched in November 2016.  Defendants admit that the '969 patent states on its face that it issued on April 25, 2017.  Defendants deny the allegation that their activities infringed the '969 patent or that their users were infringing the '969 patent.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 75, and on that basis deny them.

76.    Defendants admit that the Complaint disclosed the existence of the '969 patent. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 76.

77.    Defendants deny the allegations in Paragraph 77.

78.    Defendants deny the allegations in Paragraph 78.

79.    Defendants deny the allegations in Paragraph 79.

80.    Defendants deny the allegations in Paragraph 80.

81.    Defendants deny the allegations in Paragraph 81.

82.    Defendants deny the allegations in Paragraph 82.

83.    Defendants deny the allegations in Paragraph 83.

84.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84, and on that basis deny them.

85.    Defendants deny the allegations in Paragraph 85.

86.    Defendants deny the allegations in Paragraph 86.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 10,109,028

87.     Defendants incorporate by reference the responses to Paragraphs 1 through 86 as if fully set forth herein.

88.     Defendants deny the allegations in Paragraph 88.

89.     Defendants deny the allegations in Paragraph 89.

90.     Defendants deny the allegations in Paragraph 90.

91.     Defendants admit that a Voxer representative met with a Facebook employee in early 2016, and that shortly thereafter Voxer sent the Facebook employee documents entitled "Patent Overview" and "IP Statement."  Defendants admit that the Patent Overview listed a "P039: Voxer SDK" patent family.  Defendants admit that the IP Statement mentioned U.S. Patent Application No. 14/597,153.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91, and on that basis deny them.

92.     Defendants admit that Facebook Live first became available to a limited number of users in August 2015, and Instagram Live launched in November 2016.  Defendants admit that the '028 patent states on its face that it issued on October 23, 2018.  Defendants deny the allegation that their activities infringed the '028 patent or that their users were infringing the '028 patent.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 92, and on that basis deny them.

93.     Defendants admit that the Complaint disclosed the existence of the '028 patent. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 93.

94.     Defendants deny the allegations in Paragraph 94.

95.     Defendants deny the allegations in Paragraph 95.

96.     Defendants deny the allegations in Paragraph 96.

97.    Defendants deny the allegations in Paragraph 97.

98.    Defendants deny the allegations in Paragraph 98.

99.    Defendants deny the allegations in Paragraph 99.

100.    Defendants deny the allegations in Paragraph 100.

101.    Defendants deny the allegations in Paragraph 101.

102.    Defendants deny the allegations in Paragraph 102.

103.    Defendants deny the allegations in Paragraph 103.

104.    Defendants deny the allegations in Paragraph 104.

105.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105, and on that basis deny them.

106.    Defendants deny the allegations in Paragraph 106.

107.    Defendants deny the allegations in Paragraph 107.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 10,142,270

108.    Defendants incorporate by reference the responses to Paragraphs 1 through 107 as if fully set forth herein.

109.    Defendants deny the allegations in Paragraph 109.

110.    Defendants deny the allegations in Paragraph 110.

111.    Defendants deny the allegations in Paragraph 111.

112.    Defendants deny the allegations in Paragraph 112.

113.    Defendants admit that a Voxer representative met with a Facebook employee in early 2016, and that shortly thereafter Voxer sent the Facebook employee documents entitled "Patent Overview" and "IP Statement."  Defendants admit that the IP Statement lists patents

purportedly owned by Voxer. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 113, and on that basis deny them.

114.   Defendants admit that Facebook Live first became available to a limited number of users in August 2015, and Instagram Live launched in November 2016.  Defendants admit that the '270 patent states on its face that it issued on November 27, 2018.  Defendants deny the allegation that their activities infringed the '270 patent or that their users were infringing the '270 patent.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 114, and on that basis deny them.

115.   Defendants admit that the Complaint disclosed the existence of the '270 patent. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 115.

116.   Defendants deny the allegations in Paragraph 116.

117.   Defendants deny the allegations in Paragraph 117.

118.   Defendants deny the allegations in Paragraph 118.

119.   Defendants deny the allegations in Paragraph 119.

120.   Defendants deny the allegations in Paragraph 120.

121.   Defendants deny the allegations in Paragraph 121.

122.   Defendants deny the allegations in Paragraph 122.

123.   Defendants deny the allegations in Paragraph 123.

124.   Defendants deny the allegations in Paragraph 124.

125.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 125, and on that basis deny them.

126.   Defendants deny the allegations in Paragraph 126.

127.   Defendants deny the allegations in Paragraph 127.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 10,511,557

128.   Defendants incorporate by reference the responses to Paragraphs 1 through 127 as if fully set forth herein.

129.   Defendants deny the allegations in Paragraph 129.

130.   Defendants deny the allegations in Paragraph 130.

131.   Defendants deny the allegations in Paragraph 131.

132.   Defendants deny the allegations in Paragraph 132.

133.   Defendants admit that a Voxer representative met with a Facebook employee in early 2016, and that shortly thereafter Voxer sent the Facebook employee documents entitled "Patent Overview" and "IP Statement."  Defendants admit that the IP Statement lists patents purportedly owned by Voxer. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 133, and on that basis deny them.

134.   Defendants admit that Facebook Live first became available to a limited number of users in August 2015, and Instagram Live launched in November 2016.  Defendants admit that the '557 patent states on its face that it issued on December 17, 2019.  Defendants deny the allegation that their activities infringed the '557 patent or that their users were infringing the '557 patent.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 134, and on that basis deny them.

135.   Defendants admit that the Complaint disclosed the existence of the '557 patent. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 135.

136.   Defendants deny the allegations in Paragraph 136.

137.   Defendants deny the allegations in Paragraph 137.

138.   Defendants deny the allegations in Paragraph 138.

139.    Defendants deny the allegations in Paragraph 139.

140.    Defendants deny the allegations in Paragraph 140.

141.    Defendants deny the allegations in Paragraph 141.

142.    Defendants deny the allegations in Paragraph 142.

143.    Defendants deny the allegations in Paragraph 143.

144.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 144, and on that basis deny them.

145.    Defendants deny the allegations in Paragraph 145.

146.    Defendants deny the allegations in Paragraph 146.

### JURY DEMAND

147.    Defendants demand a jury trial for all issues so triable.

### PLAINTIFFS' PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the requested judgment and relief.

### AFFIRMATIVE DEFENSES

To the extent not expressly admitted above, the factual allegations contained in the Complaint are denied.  Without altering any applicable burdens of proof, Defendants allege the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE — NON-INFRINGEMENT

1.    Defendants do not infringe and have not infringed any claim of the '030 patent, the '969 patent, the '028 patent, the '270 patent, or the '557 patent.

## SECOND AFFIRMATIVE DEFENSE — INVALIDITY

2.    One or more of the claims of the '030 patent, the '969 patent, the '028 patent, the '270 patent, and the '557 patent are invalid for failure to satisfy conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE — LACHES

3.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE — FAILURE TO MARK

4.    Plaintiffs' pre-lawsuit claims for damages are barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

## FIFTH AFFIRMATIVE DEFENSE — NO INJUNCTIVE RELIEF

5.    Plaintiffs' demand to enjoin Defendants is barred, as Plaintiffs have suffered neither harm nor irreparable harm from Defendants' actions.

## SIXTH AFFIRMATIVE DEFENSE — FAILURE TO STATE A CLAIM

6.    The Complaint fails to state a claim upon which relief can be granted.

Defendants reserve all other affirmative defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in this case.

Dated: February 28, 2020                    Respectfully submitted,

By: */s/Paven Malhotra, with permission by Michael E. Jones*
Michael E Jones
SBN: 10929400
Patrick C. Clutter
SBN: 24036374
POTTER MINTON, PC
110 North College, Suite 500

Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846
mikejones@potterminton.com
patrickclutter@potterminton.com

Robert Van Nest
rvannest@keker.com
Christa Anderson
canderson@keker.com
David Silbert
dsilbert@keker.com
Eugene Paige
epaige@keker.com
Matthew Werdegar
mwerdegar@keker.com
Paven Malhotra
pmalhotra@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Tel: 415-391-5400

ATTORNEYS FOR DEFENDANTS
FACEBOOK, INC. and INSTAGRAM LLC

18

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 28, 2020.

*/s/ Michael E. Jones*
Michael E. Jones