IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| VOXER, INC. and VOXER IP LLC, | § § § | |
| Plaintiffs, | § | Civil Action No. 1:20-cv-00655 [ADA] |
| v. | § § | Jury Trial Demanded |
| FACEBOOK, INC. and INSTAGRAM LLC, | § § | **FILED UNDER SEAL** |
| Defendants | § § | |

**FACEBOOK'S MOTION FOR PARTIAL SUMMARY JUDGMENT NO. 1**

**FACEBOOK'S MOTION FOR PARTIAL SUMMARY JUDGMENT THAT VOXER IS NOT ENTITLED TO** ▬▬▬▬▬▬▬▬▬▬▬▬ **,
OR, IN THE ALTERNATIVE, THAT THE ASSERTED PATENTS
<u>ARE INVALID FOR IMPROPER INVENTORSHIP</u>**

1751564

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. STATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT ........................... 1

III. FACTUAL BACKGROUND ............................................................................................. 1

IV. LEGAL STANDARDS ...................................................................................................... 4

V. ARGUMENT ...................................................................................................................... 5

    A. The Asserted Claims Are Not Entitled to ████████████ .......... 5

    B. In the Alternative, the Asserted Patents Are Invalid for Improper Inventorship. ............................................................................................. 6

VI. CONCLUSION ................................................................................................................... 6

## **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Coleman v. Dines*,
   754 F.2d 353 (Fed. Cir. 1985)................................................................................4

*Eli Lilly & Co. v. Aradigm Corp.*,
   376 F.3d 1352 (Fed. Cir. 2004)........................................................................4, 5, 6

*Ethicon, Inc. v. U.S. Surgical Corp.*,
   135 F.3d 1456 (Fed. Cir. 1998)...........................................................................4, 6

*Pannu v. Iolab Corp.*,
   155 F.3d 1344 (Fed. Cir. 1998)........................................................................4, 5, 6

*Schulze v. Green*,
   136 F.3d 786 (Fed. Cir. 1998)................................................................................4

*Singh v. Brake*,
   317 F.3d 1334 (Fed. Cir. 2003)..............................................................................4

I.     INTRODUCTION

It is axiomatic that a person is a joint inventor only if he contributes to the conception of the claimed invention. Here, however, ███████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████ the asserted patents are invalid under section 102(f) for improper inventorship.

II.    STATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT

(1) Whether Facebook is entitled to summary judgment ███████████████████

██████████████████████; and (2) ████████████████████████████████████,

whether the asserted patents are invalid for improper inventorship.

III.   FACTUAL BACKGROUND[2]

The asserted patents claim priority to various nonprovisional patent applications, the earliest of which is Application No. 12/028,400, filed on February 8, 2008. Dkt. 1-1, 1-2, 1-4, 1-5. Each asserted patent also claims priority to multiple provisional applications, the earliest of which is Application No. 60/937,552, filed on June 28, 2007 (the "June 2007 Provisional"). *Id*.

Each asserted patent names four co-inventors: Thomas E. Katis, Matthew J. Ranney, James T. Panttaja, and Mary G. Panttaja. *Id*. The June 2007 Provisional identifies Mr. Katis and Mr. Ranney as inventors but does not mention Mary or James Panttaja.[3]

---

[1] Namely, U.S. Patent Nos. 8,180,030; 9,634,969; 10,142,270; and 10,511,557.
[2] All exhibit citations are to the Declaration of William S. Hicks, filed concurrently herewith.
[3] Ex. A (June 2007 Provisional; Katis Ex. 1138) at VOXER0002943.

1

1751564

2





3

1751564

Voxer contends that the asserted claims are entitled to a priority date ███████████
███████████████████████████████████████████████████████████████████████
████████████████████████████████████████████ All of these prior art references predate the June 2007 Provisional.

## IV. LEGAL STANDARDS

"Conception is the formation in the mind of the inventor of a definite and permanent idea of the complete and operative invention, as it is therefore to be applied in practice." *Singh v. Brake*, 317 F.3d 1334, 1340 (Fed. Cir. 2003). Conception must include every feature of the claimed invention. *Coleman v. Dines*, 754 F.2d 353, 359 (Fed. Cir. 1985).

"[A] person is a joint inventor only if he contributes to the conception of the claimed invention." *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1358–59 (Fed. Cir. 2004). "Joint inventorship under section 116 can only arise when collaboration or concerted effort occurs— that is, when the inventors have some open line of communication during or in temporal proximity to their inventive efforts." *Id.* at 1359. "[O]ne does not qualify as a joint inventor by merely assisting the actual inventor after conception of the claimed invention." *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998).

Naming the correct inventor is a condition of patentability, and failure to do so renders a patent invalid. *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1349–50 (Fed. Cir. 1998). Parties other than an alleged inventor may bring claims of incorrect inventorship under section 102(f). *Id.* at 1348; *Schulze v. Green*, 136 F.3d 786, 788, 792 (Fed. Cir. 1998) (non-inventor may challenge patent

---

[11] Ex. B at 9-11, ¶¶ 40-43.
[12] *See, e.g.,* Ex. B, ¶¶ 223, 286 (Branam); *id.*, ¶ 245 (Atarius); *id.*, ¶¶ 376, 423, 477, 590 (Rensin); *id.*, ¶¶ 438, 537 (Kalaboukis); *id.*, ¶¶ 495, 576 (Brueck); *id.*, ¶¶ 527, 629 (Mullig).

1751564

validity based on misjoinder assertion). Although Section 256 permits a bona fide mistake in joining a person as an inventor to be corrected, "if the patentee does not claim relief under the statute and a party asserting invalidity proves incorrect inventorship, the court should hold the patent invalid for failure to comply with section 102(f)." *Pannu,* 155 F.3d at 1350-51.

## V. ARGUMENT

### A. The Asserted Claims Are Not Entitled to ██████████

*See supra*, n. 4-9; *Eli Lilly*, 376 F.3d at 1358–59.

5

**B. In the Alternative, the Asserted Patents Are Invalid for Improper Inventorship.**

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████ *Ethicon*, 135 F.3d at 1460 ("[O]ne does not qualify as a joint inventor by merely assisting the actual inventor after conception of the claimed invention."); *Eli Lilly*, 376 F.3d at 1358-59 ("[A] person is a joint inventor only if he contributes to the conception of the claimed invention."). Failure to name the proper inventors renders a patent invalid unless the error is corrected. *Pannu*, 155 F.3d at 1349–50.

Here, ████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████

Accordingly, to the extent ██████████████████████████████

██████████████, the Court should enter summary judgment that the asserted patents are invalid for failure to comply with section 102(f). *Pannu*, 155 F.3d at 1350-51 ("[I]f the patentee does not claim relief under the statute and a party asserting invalidity proves incorrect inventorship, the court should hold the patent invalid for failure to comply with section 102(f).").

**VI. CONCLUSION**

The Court should grant summary judgment that ██████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████, the Court should grant summary judgment that the asserted patents are invalid for improper inventorship.

6

Dated: October 18, 2021						Respectfully submitted,


						By: *s/ Paven Malhotra*
							Christa M. Anderson
							canderson@keker.com
							David J. Silbert
							dsilbert@keker.com
							Eugene M. Paige
							epaige@keker.com
							Matthew W. Werdegar
							mwerdegar@keker.com
							Paven Malhotra
							pmalhotra@keker.com
							KEKER, VAN NEST & PETERS LLP
							633 Battery Street
							San Francisco, CA 94111
							Tel: 415-391-5400

							Michael E. Jones
							SBN: 10929400
							Patrick C. Clutter
							SBN: 24036374
							POTTER MINTON, PC
							110 North College, Suite 500
							Tyler, Texas 75702
							Tel: 903-597-8311
							Fax: 903-593-0845
							mikejones@potterminton.com
							patrickclutter@potterminton.com

							Attorneys for Defendants
							FACEBOOK, INC. and INSTAGRAM LLC

1751564

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on October 18, 2021.

I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on October 18, 2021.

*/s/ Paven Malhotra*
Paven Malhotra

I certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order in this case and Judge Albright's Standing Order Regarding Filing Documents Under Seal in patent Cases and Redacted Pleadings.

*/s/ Paven Malhotra*
Paven Malhotra

1751564