IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

JUN 1 0 2022

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

| | | |
|---|---|---|
| VOXER, INC. AND VOXER IP LLC, | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | CAUSE NO. A-20-CV-00655-LY |
| | § | |
| META PLATFORMS, INC. | § | |
| F/K/A FACEBOOK, INC. AND | § | |
| INSTAGRAM LLC, | § | |
| DEFENDANTS. | § | |

## ORDER DENYING DEFENDANTS' REVISED MOTION FOR PARTIAL SUMMARY JUDGMENT THAT VOXER IS NOT ENTITLED TO RELY ON AN OCTOBER 4, 2006 PRIORITY DATE, OR, IN THE ALTERNATIVE, THAT ASSERTED PATENTS ARE INVALID FOR IMPROPER INVENTORSHIP

Before the court in the above styled and numbered patent-infringement action are, *inter alia*,

Defendants Meta Platforms, Inc. f/k/a Facebook, Inc. and Instagram LLC's (collectively "Meta")

Revised Motion For Partial Summary Judgment That Voxer is Not Entitled To Rely on an October

4, 2006 Priority Date, or, In the Alternative, That the Asserted Patents are Invalid for Improper

Inventorship filed January 28, 2022 (Doc. #183), Plaintiff Voxer's response filed January 31, 2022

(Doc. #201), and Meta's reply filed February 1, 2022 (Doc. #208).[1]

---

[1] The patents-in-suit are United States Patent No. 8,180,030, titled "Telecommunication and Multimedia Management Method and Apparatus," which was issued on May 15, 20212 ("'030 patent"); United States Patent No. 9,634,969, titled "Real-time Messaging Method and Apparatus," which was issued on April 25, 2017 ("'969 patent"); United States Patent No. 10,109,028 B2, titled "Embeddable Communications Software Module," which was issued on October 23, 2018 ("'028 patent"); United States Patent No. 10,142,270 titled "Telecommunication and Multimedia Management Method and Apparatus," which was issued on November 27, 2018 ("'270 patent"); and United States Patent No. 10,511,557 B2 titled "Telecommunication and Multimedia Management Method and Apparatus," which was issued on December 17, 2019 ("'557 patent").

According to the complaint, these parties are not strangers. Tom Katis is Voxer Inc.'s co-founder and was chief executive officer until 2015. In 2006, Katis returned from an overseas military combat deployment and, along with his team of developers, began working on solutions to communication and messaging difficulties Katis encountered during the deployment. The Katis team's solutions included new technologies that enabled transmission of voice and video communications with the immediacy of live communication and the reliability and convenience of messaging. These technologies allowed transmission and reception under poor and varying network conditions and regardless of the recipient's availability. In 2011, Voxer launched the Voxer Walkie Talkie app, which is an app downloadable for iOS and Android mobile phones. Soon after the launch, Meta approached Voxer about a potential collaboration. By February 2012, Voxer had disclosed its patent portfolio and proprietary technology to Meta. When meetings between Meta and Voxer failed to conclude with a collaborative agreement, Meta considered Voxer a competitor, despite the fact, at the time, Meta had no live video or voice product. Voxer alleges that Meta revoked Voxer's access to key components of Meta's platform and launched "Facebook Live" in 2015 followed by "Instagram Live" in 2016. Voxer alleges that both of these products incorporated Voxer's technologies and infringe the patents-in-suit.

Meta contends that there are no disputed issues of material fact that Voxer cannot rely on the alleged date of October 4, 2006 as the priority date for the patents-in-suit. Therefore, on that issue, Meta contends it is entitled to summary judgment. Alternatively, Meta argues that if the priority date of October 4, 2006, is correct, then as a matter of law, the patents-in-suit are invalid for improper inventorship, because October 4, 2006, predates any involvement by three of the named inventors.

Each patent-in-suit names four co-inventors:  Thomas E. Katis, Matthew J. Ranney, James T. Panttaja, and Mary G. Panttaja.  Katis explained that he wrote a "stream of consciousness" memo in the fall of 2006 describing his invention.  Katis began discussions about the invention with Ranney in January 2007, after which the two authored the Provisional Application for Patent No. 60/937552, filed on June 28, 2007, titled, "Re-Thinking Voice Communication" (the "June 2007 Provisional Application").  In June 2007, the Panttajas had conversations with Katis about the invention, and in July 2007, the four participated in a week-long brainstorming session about the invention.

Voxer argues that the asserted claims are entitled to a priority date as early as October 4, 2006.  Further, Voxer argues that six references relied upon by Meta's experts are not prior art, although they predate the June 2007 Provisional Application.  At minimum, Voxer argues that the parties dispute both the dates at which the named inventors contributed to the claimed inventions and the substance of those contributions, which defeats Meta's request for summary judgment.

Priority of inventorship is a question of law based on "underlying factual determinations." *Innovative Scuba Concepts v. Feder Indus.*, 26 F.3d 1112, 1115 (Fed. Cir. 1994).  "Because the issuance of a patent creates a presumption that the named inventors are the true and only inventors, the burden of showing misjoinder or nonjoinder of inventors is a heavy one and must be proved by clear and convincing evidence." *Hess v. Advanced Cardiovascular Sys., Inc.*, 106 F.3d 976, 980 (Fed. Cir. 1997).  Also, to be a joint inventor, one must:

> (1) contribute in some significant manner to the conception or reduction to practice of the invention, (2) make a contribution to the claimed invention that is not insignificant in quality, when that contribution is measured against the dimension of the full invention,

and (3) do more than merely explain to the real inventors well-known concepts and/or the current state of the art.

*In re VerHoef*, 888 F.3d 1362, 1366 (Fed. Cir. 2018).

The parties dispute both the dates at which the named inventors contributed to the claimed inventions, and the substance of those contributions. Further, Voxer disputes Meta's contention that there is no evidence that any collaboration among the named inventors occurred until July 2007, at the earliest. The court concludes that Meta has failed to carry its burden of showing by clear and convincing evidence that it is entitled to summary judgment with regard to the issue that Voxer cannot claim a priority date as early as October 4, 2006, for the claimed inventions. As there remain disputed issues of fact regarding the priority dates for the patent-in-suit, the court will deny the motion.

**IT IS ORDERED** that Defendants Meta Platforms, Inc. f/k/a Facebook, Inc. and Instagram LLC's Revised Motion For Partial Summary Judgment That Voxer is Not Entitled To Rely on an October 4, 2006 Priority Date, or, In the Alternative, That the Asserted Patents are Invalid for Improper Inventorship filed January 28, 2022 (Doc. #183) is **DENIED**.

SIGNED this _____ day of June, 2022.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE