UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| VOXER, INC. and VOXER IP LLC<br><br>                Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., f/k/a FACEBOOK, INC. and INSTAGRAM LLC<br><br>                Defendants. | Civil Action No. 1:20-cv-00655 [DAE] |

**META PLATFORM'S OPPOSED MOTION FOR STAY OF EXECUTION OF JUDGMENT AND FOR WAIVER OF BOND**

I.      **INTRODUCTION**

Defendants Meta Platforms, Inc. f/k/a Facebook, Inc. and Instagram LLC (collectively "Meta") hereby move for an order staying the execution of judgment pending disposition of all appeals and providing that bond or other security requirements be waived. In view of the value of Meta's assets compared against the judgment being appealed, the Court can be confident in Meta's ability to pay the judgment such that requiring a bond is not necessary. Under Rule 62(b) of the Federal Rules of Civil Procedure, an appellant "may obtain a stay by providing a bond or other security," which stay "takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). In addition, the Court may waive the bond requirement upon a demonstration of "a present financial ability to facilely respond to a money judgment" and "a financially secure plan for maintaining that same degree of solvency during the period of an appeal." *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). As shown below, Meta's cash on hand and annual reserves safely exceed the size of the judgment here. There is no

reasonable possibility that Meta will become insolvent or become unable to pay the judgment. Meta thus meets the criteria for waiving the requirement of a supersedeas bond and staying execution of the judgment without a bond, and respectfully requests that the Court grant its request to stay execution of judgment until all appeals are completed in this matter and waive the security requirement.[1]

## II.  PROCEDURAL BACKGROUND

On February 1, 2023, the Court entered judgment against Meta on the jury's September 21, 2022, verdict, which awarded Plaintiffs Voxer, Inc. and Voxer IP LLC (collectively "Voxer") $174,530,785 in damages for infringement of U.S. Patent Nos. 10,142,270 and 10,511,557.  *See* Dkt. 381.  Since that time, the Court has also awarded supplemental damages of $26,703,896 to Voxer.  *See* Dkt. 422 at 7.

At the time of the Court's original entry of judgment the Court awarded Voxer $28,904,497.56 in pre-judgement interest.  Dkt. 381.  On March 21, 2023, Meta moved under Rule 59(e) and Rule 60 to amend the judgment to decrease the amount of prejudgment interest awarded.  *See* Dkt. 385.  On June 27, 2023, the Court entered an order requesting supplemental briefing from the parties concerning the calculation of prejudgment interest.  Dkt. 422.  The parties submitted the requested supplemental information on July 11, 2023.  Dkt. 425.  In the same June 27, 2023 Order, the Court established a royalty rate of $0.003 "per watch hour until expiration of the asserted patents or Facebook's discontinued use of the patented technology at issue in this litigation."  Dkt. 422.

---

[1] For avoidance of doubt, Defendants' request to stay execution of judgement includes a request to stay any ongoing and future royalty payments and associated reporting obligations.

{A72/10477/0004/W1821581.4 }

On July 10, 2023, and July 11, 2023, counsel for the parties met and conferred regarding Meta's request for a stay execution of judgment without a bond. Declaration of Shaun W. Hassett ("Hassett Decl.") at ¶4. Voxer is opposed to the issuance of a stay without a bond. *Id.* Meta thus moves the Court for this relief.

### III. LEGAL STANDARD

At any time after entry of judgment, "a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). Upon posting a bond, "[a] stay under Rule 62(a) 'issues as a matter of right' with respect to money judgments." *Great Am. Life Ins. Co. v. Tanner*, No. 3:16-CV-70-DMB-JMV, 2020 WL 3578376, at *3 (N.D. Miss. July 1, 2020). The purpose of a bond is to "preserve the status quo while protecting the non-appealing party's rights pending appeal" and "secure[] the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment." *Poplar Grove*, 600 F.2d at 1191.

The Court may, however, "depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment," upon demonstration by the judgment debtor of "a present financial ability to facilely respond to a money judgment" and presentation of a "financially secure plan for maintaining the same degree of solvency during the period of an appeal." *Id.; see also Dominick v. Barrere*, No. 12-497-JJB-RLB, 2015 WL 7756140, at *2 (M.D. La. Dec. 1, 2015) (citing *Poplar Grove*, 600 F.2d at 1191). Other courts likewise have excepted a judgment debtor from the security requirement. *See, e.g.*, *In re Nassau Cty.*, 783 F.3d 414, 417-19 (2d Cir. 2015); *Dillon v. City of Chicago*, 866 F.2d 902, 905 (7th Cir. 1988); *Fed. Prescription Svc. v. American Pharmaceutical Ass'n*, 636 F.2d 755, 757-58 (D.C. Cir. 1980). This exception stands for the common-sense proposition that no bond is needed if the judgment debtor's "ability to pay is so plain that the posting of a bond would be a waste of money." *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17 (1st Cir. 2002).

If the prevailing party also seeks to appeal the final judgment, then that can provide the Court an independent reason to stay execution of the judgment without requiring a bond. *See, e.g.*, *Bronson v. La Crosse v. Milwaukee Railroad Co.*, 68 U.S. 405, 410 (1864) (stating that a district court's judgment should be stayed when a prevailing party "assert[s] that the decree is founded in error and for that reason should not be executed, but should be reversed and corrected in the appellate tribunal"); *Enserch Corp. v. Shand Morahan & Co., Inc.*, 918 F.2d 462, 464 (5th Cir. 1990) (district court judgment may be suspended without bond "when the relief sought by the prevailing party on appeal is inconsistent with enforcement of the lower court's judgment").

## IV.   ARGUMENT

Meta need not and should not be required to post a bond to obtain a stay pending appeal. Instead, under Fifth Circuit law, Meta qualifies for an exception to the security requirement because it has "a present financial ability to facilely respond to a money judgment" and, as a publicly traded company, regularly issues financial statements which will allow the Court and Voxer to monitor that it is "maintaining the same degree of solvency during the period of an appeal." *See Poplar Grove*, 600 F.2d at 1191. Accordingly, Meta respectfully requests that the Court stay execution of judgment until all appeals are completed without requiring any security.

Meta qualifies for the bond exception because it is a large, well-established, financially strong company. It has historically maintained assets well in excess of the approximately $230 million judgment, and thus "demonstrates a present financial ability to facilely respond to a money judgment." *Poplar Grove*, 600 F.2d at 1191. Courts routinely waive the bond requirement pending appeal where, as here, there is no dispute that the defendant is capable of satisfying the judgment.[2]

---

[2] *See, e.g.*, *SMI-Owen Steel Co, Inc. v. Marsh USA, Inc.*, No. G-00-149, at *1 (S.D. Tex. Sept. 7, 2006) (citing *Poplar Grove* and staying execution without bond where company "objectively

Here, Meta's 2022 Form 10-K Annual Report identifies over $185 billion in "[t]otal assets" and over $14.6 billion in "cash and cash equivalents." *See* Hassett Decl. Exhibit A at p. 85. These are assets that are 63 to 804 times higher than the amount of damages currently awarded by the Court in this case.[3] Meta holds at least $76 billion in long-lived assets in the United States alone. *See* Hassett Decl. Exhibit A at p. 119. Moreover, as set out in Meta's most recent filing, Meta's annual revenue has totaled approximately $320 billion over the past three years (with revenue of over $116 billion for the year ending 2022) and Meta's net income has ranged between roughly $23 billion and $39 billion during that time. *See* Hassett Decl. Exhibit A at p. 69, 99. As set out in its latest filing, Meta's total assets of approximately $185 billion exceeded its total current liabilities of approximately $60 billion by nearly 300% for the period ending December 31, 2022. *See* Hassett Decl. Exhibit A p. 85.

---

demonstrated a present financial ability to easily respond to the Judgement . . . and that a financially secure plan for maintaining the same degree of solvency during the period of an appeal can be, and hereby will be, implemented"); *Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (upholding stay "pending the disposition of post-trial motions and, if necessary during appeal" without a bond because "an inflexible requirement of a bond would be inappropriate . . . where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money"); *Dillon*, 866 F.2d at 905 (waiving bond pending appeal where appellant demonstrated it could effectively pay potential judgment costs of $115,359.59 and $51,882.53 in attorneys' fees from a fund of $484 million); *Northern Indiana Public Serv.*, 799 F.2d 265, 281 (7th Cir. 1986) (holding that defendant did not need to post bond pending appeal for $181 million judgment because it held assets worth more than $4 billion and concluding that "if district court is satisfied that the expenditure [for cost of bond] is unnecessary to protect the appellee, he does not have to insist that it be spent"); *Fed. Prescription Svc.*, 636 F.2d at 761 (affirming waiver of bond requirement through appeal for defendant whose assets were worth "about 47 times the amount of the damage award"); *American Color Graphics, Inc. v. Travelers Property Cas. Ins. Co.*, No. C 04-3518-SBA, 2007 WL 1520952, at *2 (N.D. Cal. May 23, 2007) (granting waiver of bond requirement where defendant's assets of $256 million were many multiples of $4.14 million damages award being appealed); *Burge v. St. Tammany Par. Sheriff's Office*, No. 91-2321, 2001 WL 1104640, at *2 (E.D. La. Sept. 19, 2001) (staying execution of judgment exceeding $4 million without bond during appeal, where fund maintained by debtor held more than $5.5 million).

[3] Even if Meta's obligation to pay ongoing royalties in the future were taken into account, Voxer cannot credibly argue that Meta would be unable to pay such royalties. As noted above, Meta's assets are over 800 times the current judgement. Voxer has never suggested that ongoing royalties would amount to a figure anywhere approaching those total assets.

{A72/10477/0004/W1821581.4 }

Further, credit ratings agencies have given Meta very strong credit ratings, and capital markets have been willing to lend it amounts far exceeding the potential amount of the judgment, and for durations much longer than needed for the disposition of post-trial motions and appeals this case. *See* Hassett Decl. Exhibit B. And, being publicly traded, Meta's finances are disclosed in periodic, publicly available reports that include audited financial statements filed with the Securities and Exchange Commissions. Thus, Voxer can monitor Meta's financial condition during the stay and quickly respond to any change in circumstances, which counsels in favor of a waiver of the bond requirement. *See, e.g.*, *Travelers*, 2007 WL 1520952, at *2 (judgment debtor's representation that it would provide quarterly and annual financial statements to judgment creditor and the Court during pendency of appeal counseled in favor of stay and waiver of bond requirement). Given the size of Meta's assets, including those held in cash or cash equivalents compared to the size of the judgment being appealed, there is no risk to Voxer that Meta would be unable to satisfy the judgment.

Moreover, in addition to Voxer being able to monitor Meta's financial condition by way of public disclosures, if the Court were to grant this Motion Meta will further agree to (1) advise the Court and/or Plaintiff's counsel within thirty (30) days if Meta's "cash and cash equivalent assets" drops below $1 billion; and (2) file into the Court's record a copy of Meta's Annual Report on Form 10-K for the fiscal year ending December 31, 2022, each annual report thereafter during the period of appeal, and any Form 8-K reports filed with the SEC during the period of appeal. *See generally SMI-Owen Steel Co, Inc. v. Marsh USA, Inc.*, No. G-00-149, Dkt. 342 (S.D. Tex. Sept. 7, 2006) (approving waiver of bond where the defendant agreed to advise the court of a drop in equity below $3 billion and to file annual 10-K reports).

Because Meta has the capability to satisfy the judgment after resolution of all post-trial

motions and appeals, and because Meta has agreed to submit periodic financial reports so that its financial health can be monitored by the Court and Voxer, granting Meta's motion would harm neither Voxer nor the public's interests.  In particular, because Voxer can recover post-judgment interest from the date of entry of judgment, Voxer will not suffer any injury if the Court stays execution of the judgment.  *See, e.g.*, *Ward v. AutoZoners, LLC*, No. 7:15-CV-164-FL, 2019 WL 7598817, at *1 (E.D.N.C. Feb. 11, 2019) ("In seeking a stay, defendants are naturally accruing interest on the judgment, should it be collected at a later time.").

On the other hand, requiring Meta to post a bond to secure an automatic stay would impose immediate, unnecessary expense on Meta in the form of the cost of securing the bond and paying bond-related fees.  Indeed, Meta currently estimates that it would have to pay more than $1 million to secure a bond in this case.  As the only purpose of such a bond would be to secure a judgment that Meta clearly has the ability to pay, requiring Meta to incur this unnecessary expense would be a "waste of money."  *Dillon*, 866 F.2d at 904-05.  The Court should therefore waive the bond requirement, as there is no risk that doing so will "unduly endanger [Voxer's] interest in ultimate recovery."  *Fed. Prescription Svc.*, 636 F.2d at 761.

## V. CONCLUSION

Because Meta has demonstrated the availability of ample funds to pay the judgment, including any ongoing and future royalties, and because the Court and Voxer have the ability to monitor Meta's maintenance of ample funds to satisfy the judgment during the pendency of the appeal, Meta respectfully requests that the Court stay execution of the judgment pending resolution of the pending appeals and waive the bond requirement set forth in Rule 62(b) of the Federal Rules of Civil Procedure.[4]

---

[4] If the Court denies Meta's motion and requires Meta to post a bond as a condition of the stay, Meta respectfully requests that the Court grant a limited stay of 28 days from the Court's Order

{A72/10477/0004/W1821581.4 }

July 13, 2023                                    Respectfully submitted,


               By: *s/ Shaun W. Hassett*
                 Robert A. Van Nest
                 rvannest@keker.com
                 David J. Silbert
                 dsilbert@keker.com
                 Eugene M. Paige
                 epaige@keker.com
                 Paven Malhotra
                 pmalhotra@keker.com
                 KEKER, VAN NEST & PETERS LLP
                 633 Battery Street
                 San Francisco, CA 94111
                 Tel: 415-391-5400

                 Michael E. Jones
                 SBN: 10929400
                 Shaun W. Hassett
                 SBN: 24074372
                 POTTER MINTON, PC
                 102 North College, Suite 900
                 Tyler, Texas 75702
                 Tel: 903-597-8311
                 Fax: 903-593-0845
                 mikejones@potterminton.com
                 shaunhassett@potterminton.com

               Attorneys for Defendants
               META PLATFORMS, INC., f/k/a FACEBOOK, INC. and INSTAGRAM LLC

---

to allow time for Meta to make arrangements to post the bond in accordance with the Local Rules.