IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| VOXER, INC. and VOXER IP LLC, | § | NO. 1:20-CV-655-DAE |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| META PLATFORMS, INC., f/k/a | § | |
| FACEBOOK, INC. and INSTAGRAM | § | |
| LLC, | § | |
| | § | |
| Defendants. | § | |

## FIRST AMENDED FINAL JUDGMENT

Before the Court is the above-styled and numbered patent-infringement action. On September 12, 2022, the Court called the above-styled and numbered action for jury selection and trial. After the parties announced that they were ready for trial, the Court empaneled a jury of eight legally qualified jurors. The case proceeded and was submitted to the jury on September 21, 2022. The jury returned a verdict on September 21, 2022, in favor of Plaintiffs Voxer, Inc. and Voxer IP LLC (collectively, "Voxer"), finding that Defendants Meta Platforms, Inc. f/k/a Facebook, Inc. and Instagram LLC ("Facebook and Instagram," and collectively, "Meta") infringed Voxer's United States Patent Nos.

1

10,142,270 and 10,511,557 ("the '270 patent" and "the '557 patent"). The jury also found that Voxer proved that it is entitled to recover damages in the sum of $174,530,785 for Meta's infringement, which represents a reasonable running royalty. (Dkt. # 332.)

On February 21, 2023, Judge Yeakel issued a Final Judgment pursuant to Federal Rule of Procedure 58.[1] (Dkt. # 381.) On April 5, 2023, the case was transferred to the undersigned. (Dkt. # 401.) On June 27, 2023, this Court issued an Order Granting in Part and Denying in Part Voxer's Motion to Amend the Judgment and Facebook's Motion to Amend the Judgment. (Dkt. # 422.) The Court directed the parties to meet and confer within fourteen days of that Order to "present a joint proposal calculating prejudgment interest on supplemental damages and on the jury award based on [the] methodology" laid out in the Order. (Id.) The parties filed a Joint Submission on July 11, 2023, indicating that they still did not agree on the interest to be awarded. (Dkt. # 425.) Instead, the submission laid out Voxer and Meta's alternative proposals for $6,631,866.00 or $5,060,311.60 in prejudgment interest, respectively. (Id.) Voxer

---

[1] The procedural history of this case is laid out in further detail in the Court's Order Granting in Part and Denying in Part the Motion to Amend Judgment. (See Dkt. # 422.)

also filed a Proposed First Amended Final Judgment (Dkt. # 424), Meta filed a Miscellaneous Objection (Dkt. # 427), and Voxer filed a Response to the Objection (Dkt. # 429).  Meta then filed a Reply in Support of its Objection.  (Dkt. # 432.) Having considered the arguments raised by both parties, the Court renders the following Amended Final Judgment pursuant to Federal Rule of Civil Procedure 58:

**IT IS ORDERED** that judgment is rendered in favor of Plaintiffs Voxer, Inc. and Voxer IP LLC and against Defendants Meta Platforms, Inc. f/k/a Facebook, Inc. and Instagram LLC that Facebook and Instagram directly infringe Claims 34, 47, 48, and 51 of the '270 patent, and Facebook and Instagram directly infringe Claims 1 and 9 of the '557 patent.

**IT IS FURTHER ORDERED** that Plaintiffs Voxer, Inc. and Voxer IP LLC shall recover from Defendants Meta Platforms, Inc. f/k/a Facebook, Inc. and Instagram LLC damages in the sum of **$174,530,785**, the amount found by the jury.

**IT IS FURTHER ORDERED** that Plaintiffs Voxer, Inc. and Voxer IP LLC shall recover from Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.

and Instagram LLC supplemental damages for the period of September 17, 2022, to February 21, 2023, in the sum of **$26,703,896**.

      **IT IS FURTHER ORDERED** that Plaintiffs Voxer, Inc. and Voxer IP LLC shall recover from Defendants Meta Platforms, Inc. f/k/a Facebook, Inc. and Instagram LLC prejudgment interest of **$5,060,311.60** on both the jury's damage award and the supplemental damages.

      **IT IS FURTHER ORDERED** that Plaintiffs Voxer, Inc. and Voxer IP LLC shall recover from Defendants Meta Platforms, Inc. f/k/a Facebook, Inc. and Instagram LLC all costs of court.

      **IT IS FURTHER ORDERED** that Plaintiffs Voxer, Inc. and Voxer IP LLC shall recover from Defendants Meta Platforms, Inc. f/k/a Facebook, Inc. and Instagram LLC post-judgment interest on all of the above at the legally allowed rate of 4.87%, beginning on February 21, 2023, computed daily to the date of payment, and shall be compounded annually. See 28 U.S.C. § 1961(a).

      **IT IS FURTHER ORDERED** that Plaintiffs Voxer, Inc. and Voxer IP LLC shall recover from Defendants Meta Platforms, Inc. f/k/a Facebook, Inc. and Instagram LLC a $0.003 royalty rate per "Is Live Watch Hour" from February 21, 2023, through the expiration of the patents or Defendants Meta Platforms, Inc.

f/k/a Facebook, Inc. and Instagram LLC discontinued use of the patented technology at issue in this litigation. For avoidance of doubt, any use of technology not colorably different from the technology adjudged to infringe shall be subject to the foregoing ongoing royalty rate.

**IT IS FURTHER ORDERED** that Defendants Meta Platforms, Inc. f/k/a Facebook, Inc. and Instagram LLC shall, by 45 days after the last day of each year royalties accrue, produce to Plaintiffs Voxer, Inc. and Voxer IP LLC a report that reflects the post-judgment "Is Live Watch Hours" accrued in the prior calendar year and remit payment for the corresponding amount of ongoing royalties using the appropriate rate. Unpaid and/or late-paid royalties shall be subject to compound interest payments to be calculated in the manner of post-judgment interest, with interest accruing from the date of the missed payment. For the avoidance of doubt, each royalty due but not timely paid will be treated such that the legally applicable interest rate shall be the amount set by 28 U.S.C. § 1961, which here is 4.87%.

**IT IS FURTHER ORDERED** that Meta's Motion for Stay of Execution of Judgment and for Waiver of Bond is **GRANTED.** (Dkt. # 426.) Under Rule 62(b) of the Federal Rules of Civil Procedure, an appellant "may obtain a stay by providing a bond or other security," which stay "takes effect when

the court approves the bond or other security and remains in effect for the time specified in the bond or other security." FED. R. CIV. P. 62(b); see also FED. R. APP. P. 8(a)(1)(A)(B) (party must move for stay of judgment in district court pending appeal or for approval of a supersedeas bond). The purpose of a bond "is to preserve the status quo while protecting the non-appealing party's rights pending appeal." Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190-91 (5th Cir. 1979). However, the posting of bond or other security is discretionary and is not required when "a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal." Id. at 1191; see also Enserch Corp. v. Shand Morahan & Co., Inc., 918 F.2d 462, 464 (5th Cir. 1990) (adding that the Supreme Court has recognized an additional instance when a losing party may obtain a stay without bond, when prevailing party appeals first).

    Voxer does not oppose Meta's request for a 28-day stay of the execution of judgment but does oppose Meta's request that the Court waive the bond requirement and stay the execution of judgment during the pendency of the appeal. Meta has provided financial statements which assure the Court of Meta's

"present financial ability to facilely respond to a money judgment." Poplar Grove, 600 F.2d at 119. Meta reports revenue of over $116 billion for the year ending 2022, and cash and cash equivalents of $28.8 billion as of June 30, 2023. (Dkt. # 426-1 at 69, 99.)[2] Given that the jury award and supplemental damages ordered by this Court total approximately $200 million, Meta's revenue at the end of 2022 was *580 times* the damages award, and its cash and cash equivalents as of June 30, 2023, were *144 times* the damages award. Meta also presents to the Court "a financially secure plan for maintaining that same degree of solvency during the period of an appeal." Poplar Grove, 600 F.2d at 119. Meta has offered to report to the Court and to Voxer within thirty (30) days of any disclosure by Meta to the SEC that its cash and cash equivalents have dropped below the $5 billion threshold or its total assets below $72 billion—whichever comes first. (Dkt. # 432 at 5.) The Court finds this a satisfactory measure to ensure security in payment of the judgment should Meta's financials change significantly and threaten Voxer's ability to recover. Accordingly, the Court stays execution of the judgment (including any ongoing and future royalty payments and associated reporting

---

[2] "Meta Reports Second Quarter 2023 Results" (July 26, 2023) available at https://investor.fb.com/investor-news/press-release-details/2023/Meta-Reports-Second-Quarter-2023-Results/default.as

obligations) pending the resolution of any appeal and waives the bond requirement set forth in Rule 62(b).

**IT IS FURTHER ORDERED** that the case is hereby **CLOSED**.

**IT IS SO ORDERED.**

**DATED**: Austin, Texas, July 31, 2023.

_____
David Alan Ezra
Senior United States District Judge