# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| VOXER, INC. and VOXER IP LLC,<br>*Plaintiffs* | §<br>§<br>§ | |
| v. | §<br>§ | |
| META PLATFORMS, INC. f/k/a<br>FACEBOOK, INC. and<br>INSTAGRAM LLC,<br>*Defendants* | §<br>§<br>§<br>§<br>§ | CASE NO. A-20-CV-00655-LY-SH |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:  THE HONORABLE DAVID A. EZRA**
**UNITED STATES DISTRICT JUDGE**

Now before the Court are Voxer's Motion in Support of Its Bill of Costs, filed March 28, 2023 (Dkt. 391), and Defendant Facebook's Objections to Voxer's Bill of Costs and Response in Opposition to Voxer's Motion in Support of Its Bill of Costs, filed April 4, 2023 (Dkt. 398). Voxer did not file a reply brief. By Text Order entered June 20, 2023, the District Court referred the Motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas ("Local Rules").

### I.  Background

Plaintiffs Voxer, Inc. and Voxer IP LLC ("Voxer") sued Defendants Meta Platforms, Inc. f/k/a/ Facebook, Inc. ("Facebook") and Instagram LLC for patent infringement. The case was tried to a jury, which returned a verdict in Voxer's favor on September 21, 2022, finding that Voxer is entitled to recover damages of nearly $175 million. Dkt. 332.

The District Court entered Final Judgment on February 21, 2023, ordering that Voxer as the prevailing party recover all costs of court from Defendants. Dkt. 381. Voxer submitted its Bill of Costs on March 7, 2023. Dkt. 382. After Facebook notified Voxer that it opposed the Bill of Costs, the parties met and conferred, as required under Local Rule CV-54(a)(2). On July 31, 2023, the District Court entered a First Amended Final Judgment, again ordering that "Plaintiffs Voxer, Inc. and Voxer IP LLC shall recover from Defendants Meta Platforms, Inc. f/k/a Facebook, Inc. and Instagram LLC all costs of court." Dkt. 433 at 4. Defendants have appealed the judgment to the United States Court of Appeals for the Federal Circuit. Dkt. 435.

Voxer seeks to recover $229,042.35 in deposition and copying costs. Dkt. 391 at 2. Facebook contests three categories of costs and asks the Court to limit Voxer's recovery to $121,352.33.

## II. Legal Standards

A district court retains jurisdiction to consider a motion for bill of costs, which is a collateral motion, after a notice of appeal is filed on the underlying claims. *Salcedo v. Evanston Ins. Co.*, No. EP-10-CV-363-KC, 2011 WL 4499334, at *1 (W.D. Tex. Sept. 26, 2011). The Court thus has jurisdiction to address the merits of Voxer's motion. The issue of costs raise procedural issues not unique to patent law and therefore is governed by regional circuit law. *In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1364 (Fed. Cir. 2011).

Rule 54(d)(1) provides that costs "should be allowed to the prevailing party." The Fifth Circuit recognizes a strong presumption that costs will be awarded to a prevailing party. *Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471, 483 (5th Cir. 2006). "The party seeking to recover costs bears the burden of producing evidence that adequately documents and establishes the costs incurred." *Schmidt v. United States*, No. 1:18-CV-88-DAE, 2021 WL 6750900, at *2 (W.D. Tex. Feb. 22, 2021) (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991)).

Under 28 U.S.C. § 1920, a court may tax as costs:

1. Fees of the clerk and marshal;
2. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
3. Fees and disbursements for printing and witnesses;
4. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
5. Docket fees under 28 U.S.C. § 1923; and
6. Compensation of court appointed experts and interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

### III.   Analysis

The Court addresses each of the three categories of Voxer's costs to which Facebook objects.

### A.  Expedited Transcripts and Incidental Deposition Costs

First, Facebook asks the Court to deny Voxer's request for $37,185.70 for nineteen expedited deposition transcripts ($9,289.25) and incidental deposition costs ($27,896.45), including fees for exhibits ($5,336.45), production and processing ($1,850), remote exhibit share ($10,665), remote hosting and delivery ($1,295), secure file suite ($1,965), and virtual participants ($6,785).

The Court finds that Voxer has met its burden to show that expedited transcripts were necessary because the depositions were taken shortly before expert and dispositive motion deadlines. *Profectus Tech. LLC v. Google LLC*, No. 6:20-CV-00101-ADA, 2022 WL 3362282, at *3 (W.D. Tex. Aug. 15, 2022). Voxer has not met its burden as to the remaining incidental deposition costs. The Court therefore recommends that $27,896.45 should be excluded from the taxed costs.

### B.  Video Depositions

Next, Facebook objects to Voxer's request for $19,296 in videography costs to record depositions of witnesses who testified at trial. This Court often does not permit recovery of costs for videography of depositions of witnesses who testify at trial. *See, e.g.*, *MV3 Partners LLC v.*

3

*Roku, Inc.*, No. 6:18-CV-308, 2022 WL 1913619, at *4 (W.D. Tex. June 3, 2022) (declining to award costs for video depositions of witnesses who testified and whose video was not used at trial); *NuVasive, Inc. v. Lewis*, No. A-12-CA-1156-SS, 2014 WL 12873101, at *9 (W.D. Tex. Oct. 22, 2014) ("The Court fails to see how these costs were necessarily obtained for use in this case when the witness at issue actually appeared in person at trial, and the video deposition was not used."); *Structural Metals, Inc. v. S & C Elec. Co.*, No. SA-09-CV-984-XR, 2013 WL 3790450, at *4 (W.D. Tex. July 19, 2013) (stating that "this Court does not generally award costs for both transcripts and videos unless the videos were actually used at trial"). Voxer argues merely that it did not know when the depositions were taken which witnesses would testify at trial, not that it reasonably anticipated any of the witnesses would appear by video rather than testify live at trial. This Magistrate Judge recommends that $19,296 in costs for video depositions of witnesses who testified live at trial be excluded.

### C. Copying

Finally, Facebook objects that Voxer's copying costs are excessive and asks the Court to reduce them by fifty percent. Voxer states that although it incurred $117,143.39 in costs for copying and exemplification throughout this case, it has limited its costs to those "close in time to the trial, from August 18 through September 21, 2022," and that the $102,416.65 it seeks "was all related to preparation for and presentation of Voxer's case at trial." Dkt. 391 at 6.

Although Voxer submitted an 80-page list of copying costs, it has not met its burden to explain what copies were necessarily obtained for use in the case. *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994); *Fogleman*, 920 F.2d at 286. Therefore, this Magistrate Judge recommends that the District Court adopt "the generally accepted rule in the Western District that a prevailing party should be entitled to 50% of its document reproduction costs through the entire case" and

4

find Voxer entitled to $58,571.70 for the costs of exemplification and making copies throughout the course of this case. *MV3 Partners*, 2022 WL 1913619, at *5.

### D. Conclusion

Voxer seeks $229,042.35 in costs. Dkt. 391 at 2. If the District Court adopts these recommendations, the following costs would be found *not taxable*: (1) incidental deposition costs of $27,896.45; (2) costs of $19,296 for video depositions of witnesses who testified live at trial; and (3) $43,844.95 in copying and exemplification costs. After deducting these amounts, Voxer would recover $138,004.95 in taxable costs.

## IV. Recommendation

As detailed above, this Magistrate Judge **RECOMMENDS** that the District Court **GRANT IN PART and DENY IN PART** Voxer's Motion in Support of Its Bill of Costs (Dkt. 391). The Court recommends that the District Court sustain in part and overrule in part Facebook's objections and **ORDER** that Voxer recover $138,004.95 in costs.

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable David A. Ezra.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and,

except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** September 18, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE