IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| VOXER, INC. and VOXER IP LLC, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> META PLATFORMS, INC. (F/K/A § <br> FACEBOOK, Inc.) and INSTAGRAM LLC, § <br> § <br> Defendants § | Civil Action No. 1:20-cv-00655-DAE <br><br> <u>JURY TRIAL DEMANDED</u> |

**JOINT MOTION TO VACATE JURY VERDICTS AND FINAL JUDGMENTS
AND STIPULATION OF DISMISSAL**

Plaintiffs Voxer, Inc. and Voxer IP LLC ("Voxer") and Defendants Meta Platforms, Inc. (f/k/a Facebook, Inc.) and Instagram LLC ("Facebook") (together, the "Parties") hereby respectfully submit the following: (1) Joint Motion to Vacate the Jury Verdict and Final Judgments entered in the above-referenced actions pursuant to Federal Rule of Civil Procedure 60(b); and (2) Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) whereby Plaintiff agrees to dismiss its claims in the above-referenced action with prejudice, with each Party to bear its own fees and costs.

**I.    STATEMENT OF FACTS**

A trial in this matter was held in September 2022. The jury returned a verdict in favor of Voxer on September 21, 2022 (Dkt. 332). The Court entered Final Judgment on February 21, 2023 (Dkt. 381). Facebook appealed the Final Judgment on March 21, 2023 (Dkt. 383). Following post-judgment briefing the Court entered a First Amended Final Judgment on July 31, 2023 (Dkt. 433). The Court also issued an Order Assessing Costs (Dkt. 440). Facebook filed amended notices

of appeal on July 26, 2023 (Dkt. 430) and August 23, 2023 (Dkt. 435).  Facebook's appeal was assigned No. 2023-1702 by the Federal Circuit.

On January 10, 2024, the Parties entered into a settlement agreement where the Parties agreed to fully and finally settle all matters in controversy between them.  As part of the settlement agreement Voxer has released, acquitted, and forever discharged Facebook from any and all claims and judgments, including the Final Judgment.  For the settlement to be fully consummated, however, the parties are required to jointly file papers "effectuating vacatur of the final judgments . . . and dismissing the action in its entirety, with each Party to bear its own costs and attorneys' fees."  Once this condition is satisfied, this litigation, litigation in other forums, and the appeals thereof will be brought to a satisfactory end for all parties involved.  Thus, Voxer and Facebook respectfully move the Court to vacate (1) the Jury Verdict (Dkt. 332) and Final Judgment (Dkt. 381), (2) the First Amended Final Judgment (Dkt. 433), and (3) the Order Assessing Costs and Adopting Report and Recommendation (Dkt. 440).

## II.    GROUNDS FOR RELIEF

Under Fed. R. Civ. P. 60(b), a district court may vacate a final judgment, order, or proceeding when "the judgment has been satisfied, released, or discharged," "applying [the judgment] prospectively is no longer equitable," or "any other reason [] justifies relief."  Fed. R. Civ. P. 60(b)(5) and (6); *U.S. Bancorp. Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 19 (1994) (finding that district court may vacate judgment under Fed. R. Civ. P. 60(b)).  When determining whether to grant vacatur, "courts have considered factors such as the parties' desire to avoid any potential preclusive effect; the public interest in the orderly operation of the federal judicial system; the court's resources that will be expended if the case continues; and the parties' interest in

conserving their resources." *Modern Grp. Ltd. v. Pinnacle Companies, Inc.*, No. 1:12-cv-00043, 2013 WL 12139156, at *1 (E.D. Tex. Aug. 2, 2013) (quoting *U.S. Bancorp*, 513 U.S. at 29).

As a preliminary matter, the parties have agreed in their settlement agreement that Facebook is forever discharged from the Final Judgment and Amended Final Judgment. As such, pursuant to Rule 60(b)(5), the Parties respectfully request that the Court relieve Facebook from the Final Judgment and First Amended Final Judgment.

Additionally, the Federal Circuit has recognized "that vacatur of the judgment at trial is appropriate when settlement moots the action on appeal." *U.S. Philips Corp. v. Windmere Corp.*, 971 F.2d 728, 731 (Fed. Cir. 1992).

Furthermore, several of the factors recognized in *Modern Group* also weigh in favor of vacatur. For instance, the "public interest in the orderly operation of the judicial system" would not be adversely affected by vacatur, and the court's resources will be preserved. The Parties' settlement disposes of all litigation pending before the Court concerning the asserted patents. No third parties would be affected by vacatur of the verdicts and final judgments. Prior to the Parties' settlement, the Parties submitted Opening and Responsive Briefs to the Federal Circuit. The Parties' settlement moots that appeal. The public interest is greatly served by the full and final resolution of all disputes between the Parties. Relatedly, by resolving all pending appeals, any future appeals, and eliminating the potential for additional activities by this Court in the case of remand, the settlement preserves the Court's resources.

The settlement will also significantly conserve the Parties' resources. The Parties will not incur future expenses on the appeal process or on any future potential re-trials. The 'Parties' interest in conserving resources" weighs in favor of vacatur. *See Cisco Sys., Inc. v. Telcordia*

*Techs., Inc.*, 590 F. Supp. 2d 828, 832 (E.D. Tex. 2008). Accordingly, the Parties' respectfully request that the Court vacate the Jury Verdicts and Final Judgments in the above-captioned case.

Further, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), Plaintiff agrees to dismiss its claims in the above-captioned case with prejudice with each Party to bear its own fees and costs.

NOW THEREFORE, subject to the approval of the court, the Parties hereby move and stipulate as follows:

1. The Parties move that (i) the Jury Verdict (Dkt. 332) and Final Judgment (Dkt. 381), (2) the First Amended Final Judgment (Dkt. 433), and (3) the Order Assessing Costs and Adopting Report and Recommendation (Dkt. 440) entered in the above-captioned actions, be hereby vacated;

2. Plaintiffs Voxer, Inc. and Voxer IP LLC hereby dismisses the above-referenced action with prejudice;

3. Defendants Meta Platforms, Inc. (f/k/a Facebook, Inc.) and Instagram LLC hereby dismiss all claims and defenses in the above-referenced action with prejudice, but reserve the right to assert any and all defenses in any future litigation;

4. Each Party agrees to bear its own costs and expenses in the above-referenced action.

Dated: February 7, 2024                               Respectfully submitted,

*/s/ Robert A. Van Nest, with permission by Shaun W. Hassett*
Robert A. Van Nest
rvannest@keker.com
David J. Silbert
dsilbert@keker.com
Eugene M. Paige
epaige@keker.com
Paven Malhotra
pmalhotra@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111
Tel: 415-391-5400

Michael E. Jones
SBN: 10929400
Shaun W. Hassett
SBN: 24074372
POTTER MINTON, PC
102 North College, Suite 900
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0845
mikejones@potterminton.com
shaunhassett@potterminton.com

Blaine H. Evanson
bevanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612
Tel: (949) 451-3800

*Counsel for Defendants Meta Platforms, Inc. (f/k/a Facebook, Inc.) and Instagram LLC*

Dated: February 7, 2024

J. Mark Mann
State Bar No. 12926150
G. Blake Thompson
State Bar No. 24042033
MANN | TINDEL | THOMPSON
300 West Main Street
Henderson, Texas 75652
Telephone: (903) 657-8540
Fax: (903) 657-6003
mark@themannfirm.com
blake@themannfirm.com

Respectfully submitted,

By: */s/ Robert W. Stone, with permission by Shaun W. Hassett*
Robert W. Stone
California Bar No. 163513
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Fax: (650) 801-5100
robertstone@quinnemanuel.com

Michael D. Powell
California Bar No. 202850
Sam Stake
California Bar No. 257916
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Fax: (415) 875-6700
mikepowell@quinnemanuel.com
samstake@quinnemanuel.com

*Attorneys for Plaintiffs Voxer, Inc. and Voxer IP LLC*